COWART, J.,
concurring specially.
I concur. Appellant South Carolina Insurance Guaranty Association (SCIGA) is solely the creature of a South Carolina statute, and all of its “obligations” are solely stat »ery obligations imposed by the South Carolina statute. SCIGA has executed no contract involved in this litigation. The mere fact that one of SCIGA’s statutory obligations is to fulfill the contractual obligations of an insolvent insurer does not convert SCIGA’s statutory obligations and statutory duties into contractual obligations or contractual duties, the breach of which constitutes “[bjreaching a contract in this state by failing to perform acts required by the contract to be performed in this state,” (emphasis added) as that language is used in section 48.193(l)(g), Florida Statutes, (1985).